**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COMPUTER TRACKING SYSTEMS LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CHURCHILL DOWNS, INC.,<br><br>　　　　　　Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Computer Tracking Systems LLC ("Computer Tracking" or "Plaintiff"), for its Complaint against Churchill Downs, Inc. ("Churchill Downs" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff is an entity organized under the laws of the State of Texas.

3. Upon information and belief, Churchill Downs is an entity organized and existing under the laws of Kentucky, with a place of business at 600 North Hurstbourne Parkway, Suite 400, Louisville, KY 40222, and can be served through its registered agent, CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. Upon information and belief, Churchill Downs distributes, makes available, sells and offers to sell products and services

throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be used and sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b). On information and belief, Defendant conducts business in this District, the claims alleged in this Complaint arise in this District, and the acts of infringement have taken place and are continuing to take place in this District.

7. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Texas and this District, pursuant to due process and/or the Texas Long Arm Statute because Defendant purposefully availed itself of the privileges of conducting business in the State of Texas and in this District, because Defendant regularly conducts and solicits business within the State of Texas and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and this District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,872,138

8. The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9. On March 29, 2005, U.S. Patent No. 6,872,138 ("the '138 patent"), entitled "System and Method for Tracking Game of Chance Proceeds," was duly and legally issued by

the United States Patent and Trademark Office. A true and correct copy of the '138 patent is attached as Exhibit 1.

10. The inventions of the '138 patent resolve technical problems related to computer user activity tracking systems. For example, the inventions allow sponsor computers to identify, authenticate and track user activity on player communication devices. The inventions are applicable to, for example, sponsor computers that provide game of chance computer programs accessible by users through player communication devices, and the inventions allow the sponsor computers to track user interaction with the game of chance programs.

11. The claims of the '138 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '138 patent recite one or more inventive concepts that are rooted in computer user activity tracking technology, and overcome problems (*e.g.*, user identification and authentication, and tracking user interaction with game of chance computer programs) specifically arising in the realm of computer user activity tracking technologies.

12. The claims of the '138 patent recite inventions that are not merely the routine or conventional use of computer technology. Instead, the inventions allow sponsor computers to identify and authenticate users of game of chance computer programs and track user interaction with the game of chance computer programs.

13. The inventions claimed in the '138 patent do not preempt all ways of computer user activity tracking.

14. Accordingly, each claim of the '138 patent recites a technological solution rooted in computer technology that solves technological problems related to computer user activity tracking, which amounts to significantly more than a discovery or an abstract idea.

15. Plaintiff is the assignee and owner of the right, title and interest in and to the '138 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

16. Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 3 and 6 of the '138 patent by making, using, selling, importing and/or providing and causing to be used products including, but not limited to, Defendant's Oaklawn Anywhere online racing gaming products to register, identify, track individual players and to set aside a predetermined amount of a player's electronic purchases to be deposited into a registered player's account based on predetermined conditions (the "'138 Accused Instrumentalities"). Said racing gaming products are available through an interactive website operated by, for, or on behalf of Defendant that can be found at www.oaklawnanywhere.com.

17. In particular, claim 1 of the '138 patent recites a computerized method for establishing a registered player set aside and account, where the method includes receiving identification from a player; determining whether the identification is valid; obtaining the player's authorization to establish a registered player account; registering the player; establishing a registered player set aside; and establishing a registered player account. The set aside – which increases by a predetermined portion based on a player's purchase – is transferred to the player account once the set aside amount reaches a predetermined threshold level in a predetermined period of time.

18. The '138 Accused Instrumentalities infringe claim 1 of the '138 patent. (*See, e.g.*, http://www.oaklawnanywhere.com; http://www.oaklawnanywhere.com/support; http://www.oaklawnanywhere.com/ojc-rewards.)

19. Claim 3 of the '138 patent recites the method of claim 1, wherein the registered player account includes an account value and at least one of the following: a registered player identification number, a registered player name, a registered player address, a registered player telephone number, and a registered social security number.

20. On information and belief, the '138 Accused Instrumentalities infringe claim 3 of the '138 patent. (*See, e.g.*, http://www.oaklawnanywhere.com/support.)

21. Claim 6 of the '138 patent recites the method of claim 1, where the purchase is a game of chance item associated with a private business.

22. On information and belief, the '138 Accused Instrumentalities infringe claim 6 of the '138 patent. (*See, e.g.*, http://www.oaklawnanywhere.com/about-us.)

23. On information and belief, these '138 Accused Instrumentalities are used marketed, provided to, and/or used by or for Defendant's partners, clients, customers and end users across the country and in this District.

24. Defendant was made aware of the '138 patent and its infringement thereof at least as early as the filing of this Complaint.

25. Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '138 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers, and end users, whose use of the '138 Accused Instrumentalities constitutes direct infringement of at least one claim of the '138 patent.

26. In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the '138

Accused Instrumentalities and providing instruction materials, training, and services regarding the '138 Accused Instrumentalities.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '138 patent and knowledge that its acts were inducing infringement of the '138 patent since at least the date Defendant received notice that such activities infringed the '138 patent.

27.     Upon information and belief, Defendant is liable as a contributory infringer of the '138 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States computerized interactive nutrition programs to be especially made or adapted for use in an infringement of the '138 patent.  The '138 Accused Instrumentalities are a material component for use in practicing the '138 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

28.     Plaintiff has been harmed by Defendant's infringing activities.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,666,768

29.     The allegations set forth in the foregoing paragraphs 1 through 28 are incorporated into this Second Claim for Relief.

30.     On December 23, 2003, U.S. Patent No. 6,666,768 ("the '768 patent"), entitled "System and Method for Tracking Game of Chance Proceeds," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '768 patent is attached as Exhibit 2.

31.     The inventions of the '768 patent resolve technical problems related to computer user activity tracking systems.  For example, the inventions allow sponsor computers to identify, authenticate and track user activity on player communication devices.  The inventions are

applicable to, for example, sponsor computers that provide game of chance computer programs accessible by users through player communication devices, and the inventions allow the sponsor computers to track user interaction with the game of chance programs.

32. The claims of the '768 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '768 patent recite one or more inventive concepts that are rooted in computer user activity tracking technology, and overcome problems (*e.g.*, user identification and authentication, and tracking user interaction with game of chance computer programs) specifically arising in the realm of computer user activity tracking technologies.

33. The claims of the '768 patent recite inventions that are not merely the routine or conventional use of computer technology. Instead, the inventions allow sponsor computers to identify and authenticate users of game of chance computer programs and track user interaction with the game of chance computer programs.

34. The inventions claimed in the '768 patent do not preempt all ways of computer user activity tracking.

35. Accordingly, each claim of the '768 patent recites a technological solution rooted in computer technology that solves technological problems related to computer user activity tracking, which amounts to significantly more than a discovery or an abstract idea.

36. Plaintiff is the assignee and owner of the right, title and interest in and to the '768 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

37. Upon information and belief, Defendant has and continues to directly infringe at least claims 13, 14, 19, 20, 21, 22, 26, 27, 28, 31, 32, and 33 of the '768 patent by making, using,

selling, importing and/or providing and causing to be used products including, but not limited to, Defendant's Oaklawn Anywhere online racing gaming products to register, identify, track individual players and to set aside a predetermined amount of a player's electronic purchases to be deposited into a registered player's account based on predetermined conditions rather than based on a result of the game (the "'768 Accused Instrumentalities"). Said racing gaming products are available through an interactive website operated by, for, or on behalf of Defendant that can be found at www.oaklawnanywhere.com.

38. In particular, claim 13 of the '768 patent recites a game of chance proceed tracking system that includes a player communication device and a sponsor computer. The player communication device facilitates registered player purchases and electronically communicates purchase information in response to a registered player's purchase of game of chance items. The sponsor computer receives the registered player purchase information, stores the information, and calculates a set aside amount from the information. The availability of the set aside amount is not dependent upon a result of the game of chance item.

39. The '768 Accused Instrumentalities infringe claim 13 of the '768 patent. (*See, e.g.*, http://www.oaklawnanywhere.com/about-us; http://www.oaklawnanywhere.com/support.)

40. Claim 14 of the '768 patent recites the game of chance proceed tracking system of claim 13 where the player communication device is a personal computer, a remote terminal, a telephone, or a personal digital assistant.

41. The '768 Accused Instrumentalities infringe claim 14 of the '768 patent. (*See, e.g.*, http://www.oaklawnanywhere.com/support.)

42. Claim 19 of the '768 patent recites the game of chance proceed tracking system of claim 13 where the registered player purchase information includes at least one of the following:

a player identification number, a registered player name, a registered player address, a registered player social security number, a registered player telephone number, a registered player purchase history and a current set aside amount.

43. The '768 Accused Instrumentalities infringe claim 19 of the '768 patent. (*See, e.g.*, htttp://www.oaklawnanywhere.com/support.)

44. Claim 20 of the '768 patent recites the game of chance proceed tracking system of claim 19 where the registered player purchase information is utilized by the sponsor for at least one of targeted marketing, product development and facilitating registered player income tax reporting.

45. The '768 Accused Instrumentalities infringe claim 20 of the '768 patent. (*See, e.g.*, http://www.oaklawnanywhere.com/privacy-and-security.)

46. Claim 21 of the '768 patent recites the game of chance proceed tracking system of claim 13 where the point of sale computer and the sponsor computer communicate electronically via at least through one of the following: direct connection, the Internet, a dial-up modem connection, a local area network, a wireless network, and a personal area network.

47. The '768 Accused Instrumentalities infringe claim 21 of the '768 patent. (*See, e.g.*, http://www.oaklawnanywhere.com/support.)

48. Claim 22 of the '768 patent recites the game of chance proceed tracking system of claim 13 where the calculation of the set aside amount is a function of one of the following: an amount played over a period of time by the registered player, an amount directly contributed to the registered player account by the registered player, a period of time the registered player has played the game of chance, the game of chance played by the registered player, the time of day the registered player played the game of chance and a location of the point of sale computer.

49. The '768 Accused Instrumentalities infringe claim 22 of the '768 patent. (*See, e.g.*, http://www.oaklawnanywhere.com/support.)

50. Claim 26 of the '768 patent recites a method for tracking game of chance proceeds in a computer environment. The method includes receiving player identification; selecting sponsor game of chance item; purchasing sponsor game of chance item; receiving sponsor game of chance item; determining whether the player is a registered player; and, increasing a registered player's current set aside amount with a predetermined amount of a purchase amount where availability of the set aside amount is not dependent upon a result of the game of chance item.

51. The '768 Accused Instrumentalities infringe claim 26 of the '768 patent. (*See, e.g.*, http://www.oaklawnanywhere.com/about-us; http://www.oaklawnanywhere.com/support.)

52. Claim 27 of the '768 patent recites the method of claim 26 further registering a player.

53. The '768 Accused Instrumentalities infringe claim 27 of the '768 patent. (*See, e.g.*, http://www.oaklawnanywhere.com/support.)

54. Claim 28 of the '768 patent recites the method of claim 26 where the predetermined amount of a purchase amount is a function of one of the following: an amount played over a period of time by the registered player, an amount directly contributed to the registered player account by the registered player, a period of time the registered player has played the game of chance, the game of chance played by the registered player, the time of day the registered player played the game of chance and a location of a point of sale computer.

55. The '768 Accused Instrumentalities infringe claim 28 of the '768 patent. (*See, e.g.*, http://www.oaklawnanywhere.com/support.)

56. Claim 31 of the '768 patent recites a computer-readable medium having computer-executable instructions for performing the following steps: receiving player identification; selecting sponsor game of chance item; purchasing sponsor game of chance item; receiving sponsor game of chance item; determining whether the player is a registered player; and, increasing a registered player's current set aside amount with a predetermined amount of a purchase amount, where availability of the set aside amount is not dependent upon a result of the game of chance item.

57. The '768 Accused Instrumentalities infringe claim 31 of the '768 patent. (*See, e.g.*, http://www.oaklawnanywhere.com/about-us; http://www.oaklawnanywhere.com/support.)

58. Claim 32 of the '768 patent recites the computer-executable medium of claim 31 further comprising registering a player.

59. The '768 Accused Instrumentalities infringe claim 32 of the '768 patent. (*See, e.g.*, http://www.oaklawnanywhere.com/support.)

60. Claim 33 of the '768 patent recites the computer-executable medium of claim 31 where the predetermined amount of a purchase amount is a function of one of the following: an amount played over a period of time by the registered player, an amount directly contributed to the registered player account by the registered player, a period of time the registered player has played the game of chance, the game of chance played by the registered player, the time of day the registered player played the game of chance and a location of the point of sale computer.

61. The '768 Accused Instrumentalities infringe claim 33 of the '768 patent. (*See, e.g.*, http://www.oaklawnanywhere.com/support.)

62. On information and belief, these '768 Accused Instrumentalities are used marketed, provided to, and/or used by or for Defendant's partners, clients, customers and end users across the country and in this District.

63. Defendant was made aware of the '768 patent and its infringement thereof at least as early as the filing of this Complaint.

64. Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '768 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers, and end users, whose use of the '768 Accused Instrumentalities constitutes direct infringement of at least one claim of the '768 patent.

65. In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the '768 Accused Instrumentalities and providing instruction materials, training, and services regarding the '768 Accused Instrumentalities. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '768 patent and knowledge that its acts were inducing infringement of the '768 patent since at least the date Defendant received notice that such activities infringed the '768 patent.

66. Upon information and belief, Defendant is liable as a contributory infringer of the '768 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States computerized interactive nutrition programs to be especially made or adapted for use in an infringement of the '768 patent. The '768 Accused Instrumentalities are a material component

for use in practicing the '768 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

67. Plaintiff has been harmed by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A. An adjudication that Defendant has infringed the '768 patent and the '138 patent;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '768 patent and the '138 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: July 12, 2016 DEVLIN LAW FIRM LLC

*/s/ Robert Kiddie*
Robert Kiddie
Texas State Bar No.  24060092
rkiddie@devlinlawfirm.com
Dolly Wu
Texas State Bar No.  24068626
dwu@devlinlawfirm.com
Timothy Devlin (*pro hac vice* to be filed)
tdevlin@devlinlawfirm.com
1306 N. Broom St., 1st Floor
Wilmington, Delaware 19806

Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*Computer Tracking Systems LLC*